# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**KENNARDOA ABDYL MARSHALL**                                                                          **PLAINTIFF**

v.                                                                                  **CIVIL ACTION NO.: 3:24-cv-242-TSL-MTP**

**COMMISSIONER OF SOCIAL SECURITY,**
*Martin J. O'Malley*                                                                                     **DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiff Kennardoa Abdyl Marshall brings this action under the Social Security Act, 42 U.S.C. § 405(g), for judicial review of the final decision of the Commissioner of Social Security Administration denying his application for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Act. Having reviewed the parties' submissions, the record, and the applicable law, the undersigned recommends that the Commissioner's final decision be AFFIRMED and that this action be DISMISSED with prejudice.

## BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income on February 11, 2021, alleging that he had been disabled since December 31, 2019, because his "hands hurt, legs hurt, [and] back hurts."[1] [8] at 15. After Plaintiff's application was denied initially and upon reconsideration, he requested a hearing before an Administrative Law Judge ("ALJ") and agreed to participate in a telephonic hearing held before the ALJ on September 5,

---

[1] During the telephonic hearing on September 5, 2023, Plaintiff again stated that his "worst problem" on a day-to-day basis stemmed from pain in his back and arms due to a previous car wreck. [8] at 51-52.

2023.  *Id*. at 44-61.  Plaintiff was represented by counsel during the hearing wherein Plaintiff and a vocational expert testified.

The ALJ rendered a decision unfavorable to Plaintiff in a written opinion on December 1, 2023.  *Id.* at 15-24.  In his opinion, the ALJ applied the sequential five-step analysis[2] and determined that Plaintiff was not disabled.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 31, 2019—the alleged onset date.[3]  *Id*. at 18.  At step two, the ALJ determined that Plaintiff suffered the following severe impairments:  arthritis, obesity, anxiety, and delusional disorder.  *Id*.  Though Plaintiff's impairments were deemed severe, the ALJ found that they did not meet or medically equal any listing at step three.  *Id*. at 18-20.

The ALJ then examined the record and determined that Plaintiff had the residual functional capacity ("RFC")[4] to perform "medium work" as defined in 20 C.F.R. § 404.1567(c) and 416.967(c), except that Plaintiff should have only "occasional interaction with supervisors,

---

[2] The steps include: "(1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity."  *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *see* 20 C.F.R. §§ 404.1520, 416.92.

[3] On his application for disability insurance benefits, Plaintiff alleged that he had been disabled since December 31, 2019.  *See* [8] at 81-82.  He later amended his alleged onset date to April 30, 2019.  *See* [8] at 15.  The ALJ's opinion considers only Plaintiff's disability status as of December 31, 2019.  Neither party addressed this issue, but nevertheless, any reliance on the wrong disability onset date does not, in and of itself, require reversal if the ALJ considers evidence dated after the operative onset date.  *See Amick v. Soc. Sec. Admin., Comm'r*, 2019 WL 4673949, at *5 (N.D. Ala. Sept. 25, 2019).  Here, the ALJ considered ample evidence (discussed below) from 2020 through 2023—after both, April 30, 2019, and December 31, 2019.

[4] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting.  20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

co-workers, and the public." *Id*. at 20.  Additionally, he "should have only occasional decision-making in the job," and he "should have no more than occasional changes in the workplace or work processes."  *Id*.

At step four, the ALJ determined that Plaintiff could perform his past relevant work as a recycler.  *Id*. at 23.  The ALJ relied upon vocational expert testimony and noted that the occupation of a recycler did not require the performance of work-related activities precluded by Plaintiff's RFC.  *Id*.  The ALJ did not proceed to step five, concluding that Plaintiff was not under a disability from December 31, 2019, through December 1, 2023, the date of his decision.  *Id*. at 23-24.

Plaintiff then requested review of the ALJ's opinion; the Appeals Council denied review.  *Id*. at 6-8.  This appeal followed.

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to two basic inquiries: (1) whether there is substantial evidence in the record to support the ALJ's decision; and (2) whether the decision comports with relevant legal standards.  *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021).  Substantial evidence is merely enough that a reasonable mind could arrive at the same decision; though the evidence "must be more than a scintilla[,] it need not be a preponderance."  *Id.* (quoting *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012).  On judicial review, this Court may not re-weigh the evidence, try the case de novo, or substitute its judgment for that of the ALJ, even if it finds evidence that preponderates against the ALJ's decision.  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

# ANALYSIS

During the September 5, 2023, hearing, Plaintiff reminded the ALJ of an earlier request for a "psychological CE." [8] at 56. The ALJ responded, "I think I will send him for a comprehensive mental health." *Id*. at 57. After further discourse, the ALJ stated, "[W]e're going to try to schedule [Plaintiff] for a consultative exam. In the meantime, and I'll see if he, because he may meet a listing, but in the meantime, let me see what I did before I asked questions about it last time." *Id*. The ALJ concluded the hearing by saying, "We will—I will—I'm going to ask for a consultant to have him be sent." *Id*. at 60.

However, the ALJ did not order a consultative examination before he determined that Plaintiff was not disabled in his written opinion. Plaintiff now argues that he was prejudiced "by the ALJ's own statement at the hearing that Plaintiff *might* meet a listing,[5] and that he was going to schedule a consultative examination." [9] at 6 (emphasis added). According to Plaintiff, the ALJ committed reversible error "by failing to order the requested mental consultative examination in this case that he acknowledged he would grant at the administrative hearing." *Id*.

Therefore, Plaintiff presents a single issue for this Court's consideration: "Did the ALJ err by failing to order the requested Consultative Examination thereby failing to adequately develop the record?" *Id*. at 3.

"The ALJ owes a duty to the claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). An allegation that the ALJ failed to develop the record fully and fairly is a substantial evidence issue. *Id*. Remand for lack of substantial evidence requires a claimant to

---

[5] However, Plaintiff does not argue that his impairments met or medically equaled any listing at Step 3 in neither his Brief [9] nor Reply [11]. The entirety of Plaintiff's argument rests on the ALJ's failure to order a consultative exam.

show "(1) that the ALJ failed to fulfill his duty to adequately develop the record, and (2) the claimant was prejudiced thereby." *Id*. (citing *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)).

Developing the record may include ordering a consultative exam. *See* 20 C.F.R. §§ 404.1519a; 416.1919a. An ALJ must order a consultative exam when "such an examination is necessary to enable the ALJ to make the disability decision." *Webster*, 19 F.4th at 720; *see also* 20 C.F.R §§ 404.1519a(b); 416.919a(b). However, when evidence in the record supports a conclusion that a claimant is not disabled, a consultative exam is not necessary. *See Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989). It is, therefore, within the discretion of the ALJ whether to order a consultative exam. *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991); *see also Robinson v. Barnhart*, 183 F. App'x 451, 455 (5th Cir. 2006).

Here, the ALJ properly exercised his discretion in ultimately declining to obtain a consultative exam because nothing in the record established that such an examination was necessary to enable the ALJ to make the disability decision. *See Webster*, 19 F.4th at 720. As demonstrated below, the record was developed fairly and fully and provided substantial evidence supporting the ALJ's decision, especially regarding Plaintiff's delusional-disorder diagnosis that the ALJ thoroughly considered.

During his initial assessment at Hinds Behavioral Health on January 10, 2020, Plaintiff reported beliefs that he was being tracked and that he found a camera on his car sometime in 2019. [8] at 419. However, he denied any auditory and/or visual hallucinations. *Id*. As the ALJ correctly noted, Plaintiff's mental evaluation appeared "largely unremarkable," with appropriate speech, behavior, appearance, mood, affect, memory, insight, judgment, and intelligence and no

instances of hallucinations. *Id*. at 21; 421. He was later discharged for missing six psychiatric evaluation appointments. *Id*. at 418.

Between May 2021 and July 2022, Plaintiff presented for several treatment visits, all of which were unrelated to headaches or any issues relating to anxiety or his delusional disorder.[6] *Id*. at 455-69. As noted by the ALJ, Plaintiff denied any issues with headaches or depression during each visit. *Id*. at 21.

Plaintiff later returned to Hinds Behavioral Health on April 24, 2023, for another initial assessment. *Id*. at 476. There, he reported "no issues" and "no current symptoms." *Id*. Plaintiff repeatedly talked to himself, but when asked if people were talking in his head or if he sees others, he reported "no." *Id*. Though his assessment noted auditory and visual hallucinations, Plaintiff again denied the same. *Id*. Still, Plaintiff was listed as having appropriate behavior, appearance, mood, affect, thought content, memory, intelligence, judgment, insight, and oriented to time, place, situation, and person. *Id*. at 481-82.

On June 6, 2023, Plaintiff presented for a follow-up visit at Hinds Behavioral Health "to be treated with medication[.]" *Id*. at 473. He again denied any hallucinations, though he continued talking to himself and laughing inappropriately at times. *Id*. However, Plaintiff's psychiatric-diagnostic evaluation noted that he was not experiencing anxiety or depression but rather "euthymic" in mood. *Id*. at 475. At the conclusion of this assessment, Plaintiff was prescribed Zyprexa that he apparently began taking thereafter. *Id*.

During the September 5, 2023, hearing, Plaintiff admitted that he had been taking Zyprexa. *Id*. at 53. In that same hearing, when asked what kind of mental health problem he

---

[6] Plaintiff was treated for hypertension, right hand pain, blood pressure, routine screenings for sexually transmitted diseases, and issues associated with his back and neck.

6

currently faced, Plaintiff said only that he struggled with anxiety.[7] *Id*. at 54.  Plaintiff's counsel then inquired as to how often Plaintiff had been "hearing things," to which he replied, "Every day." *Id*. at 55.  But, when asked if the medicine was helping, Plaintiff responded, "Yes, ma'am." *Id*.  Then, when asked whether he still believed people were following him around or if that had been resolved with medicine, Plaintiff admitted that this matter has been "[g]enerally resolved with the medicine." *Id*.

A medical condition that can be reasonably remedied by medication is not disabling. *See Lovelace v. Bowen*, 813 F.2d 55, 59 (5th. Cir. 1987).  Moreover, Plaintiff has not met his burden demonstrating that no substantial evidence supports the ALJ's decision.  Nothing in the record (nor throughout Plaintiff's briefs) suggests the ALJ needed additional medical information to reach an informed decision about whether Plaintiff was disabled, particularly when medication remedied the issue.  As the ALJ's decision was based upon substantial evidence in a fairly and fully developed record, the ALJ did not err in failing to order a consultative exam.

Even assuming Plaintiff had demonstrated the ALJ failed to develop the record, he still fails to demonstrate prejudice for failing to show that a consultative exam "could and would have adduced evidence that might have altered the result." *Brock*, 84 F.3d at 728.  Plaintiff does not offer any argument or evidence that demonstrates how a consultative exam would have led to a more favorable decision.

In fact, Plaintiff presents no arguments in his Brief [9] nor his Reply [11] regarding his mental limitations.  Plaintiff complains only that the ALJ failed to order a consultative exam despite saying that he would.  But the mere fact that the ALJ said that he would order a

---

[7] This despite the medical records demonstrating that Plaintiff had not been experiencing anxiety as of June 6, 2023.  *See* [8] at 473.

consultative exam and then failed to order such an exam is not "remandable error."[8] *Naundorf v. Astrue*, 2011 WL 1230810, at *6 (D. Md. Mar. 29, 2011).  Besides, Plaintiff does not demonstrate what evidence a consultative exam would have adduced or how it would have altered the result.  Thus, Plaintiff cannot demonstrate that the ALJ's failure to order a consultative exam was prejudicial.[9]

## RECOMMENDATION

The Commissioner's decision should be AFFIRMED and the Complaint [1] DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  L. U. Civ. R. 72(a)(3).  The District Judge at that time may accept, reject, or modify in

---

[8] In his Reply [11], Plaintiff complained of the ALJ's failure to explain in his written opinion why he chose not to order the consultative exam.  Plaintiff argues that failure is in violation of HALLEX, which requires an ALJ to "rule on-the-record regarding any pre-hearing request or motions of the claimant or representative."  [11] at 3 (citing Hallex I-2-6-52(e)).  However, HALLEX does not carry the authority of law.  *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000).  Violations of HALLEX that result in prejudice, however, may constitute reversible error. *Morgan v. Colvin*, 803 F.3d 773, 777-78 (5th Cir. 2015).  Here, Plaintiff has not demonstrated any prejudice that resulted from the ALJ's failure to explain why he did not order a consultative exam, especially when the evidence (without such an exam) supports the ALJ's written decision.

[9] Plaintiff briefly complains about the ALJ's finding that he has only a moderate limitation in interacting with others.  Plaintiff says that the ALJ acknowledged Plaintiff's "marked" limitation in interacting with others during the September 5, 2023, hearing.  [9] at 6.  This, says Plaintiff, conflicts with the ALJ's conclusion that Plaintiff has only moderate limitations in interacting with others.  Plaintiff overstates the ALJ's comment.  The ALJ did not say that Plaintiff had a marked limitation.  Rather, the ALJ said that "he certainly *seems* to have a marked limitation in interacting with others[.]"  [8] at 57 (emphasis added).  Substantial evidence exists in the medical records to support the ALJ's findings as discussed herein.

whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 16th day of December, 2024.

s/Michael T. Parker
United States Magistrate Judge
